THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SONJA KNOWLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 12-0464-WS-B |
| | ) | |
| COMMUNITY LOANS OF AMERICA, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the defendants' motion to dismiss and compel arbitration. (Doc. 11). The parties have filed briefs and other materials in support of their respective positions, (Docs. 12, 17, 20),[1] and the motion is ripe for resolution.

## BACKGROUND

According to the complaint, defendants Community Loans of America, Inc. ("Community Loans"), U.S. Title Loans, Inc. ("U.S. Title"), and Alabama Title Loans, Inc. ("Alabama Title"), were at all relevant times the plaintiff's employer. Defendants Elaine McLeod and Jodi Ward were persons who acted directly or indirectly in the employers' interests with respect to employment and compensation decisions as to the plaintiff and were thus her employer by statute. Count One of the complaint alleges violations of the Fair Labor Standards Act ("FLSA"), Count Two alleges breach of employment contracts, and Count Three seeks declaratory relief concerning FLSA violations. (Doc. 1).

---

[1] The defendants filed two versions of their reply brief. (Docs. 19, 20). The Court considers only the most recent version, which the Court deems to supersede its predecessor.

The plaintiff and Alabama Title signed a "Mediation and Arbitration Procedure" ("the Agreement"), (Doc. 11, Exhibit A), which the defendants seek to enforce. The plaintiff raises the following objections: (1) the individual defendants are not parties to the agreement; (2) several provisions are unconscionable under Alabama law; (3) several provisions are void under federal law; (4) conditions precedent to arbitration have not occurred; and (5) the possibility of excessive costs may render the agreement unconscionable and/or void. (Doc. 17 at 2). The defendants respond that the plaintiff's objections must be resolved by the arbitrator rather than the Court and that they are in any event unfounded.[2]

## DISCUSSION

The Agreement submits to arbitration "any controversy or claim arising out of or relating to your employment relationship with the Company or the termination of that relationship." (Doc.11, Exhibit A, ¶ 1). "Claims covered" is defined to include "any claim that could be asserted in court … or claims for which the employee has an alleged cause of action, including without limitation claims for breach of any contract … and/or claims for violation of any federal … statute …." (*Id*., ¶ 1.a.ii). The plaintiff's claims fall squarely within this provision, and she does not assert otherwise.

**I. Validity.**

The plaintiff argues that the Agreement is procedurally unconscionable because she lacked meaningful choice regarding whether to enter it. (Doc. 17 at 5, 7, 10). She also agues the Agreement is substantively unconscionable because it requires her to pay

---

[2] "There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp*., 43 F.3d 587, 599 (11th Cir. 1995). The Court applies the same principle here and accordingly limits its review to those arguments the parties have expressly advanced. The Court has and expresses no opinion concerning whether the result could have been different had other arguments been raised or the same arguments presented more effectively.

her own attorney's fees and costs even though, under the FLSA, a losing defendant must pay the prevailing plaintiff's fees and costs. (*Id*. at 6-9). She argues as well that the Agreement is substantively unconscionable because it provides for waiver of any claim as to which written notice is not given the employer within three months, effectively cutting short the six-year limitations period governing her contract claim and the two- or three-year limitations period governing her FLSA claim. (*Id*. at 9-11). The plaintiff further argues that the attorney's fee and notice-and-waiver provisions render the Agreement void under federal law. (*Id*. at 11-14).

Challenges to an arbitration agreement based on unconscionability address the agreement's validity. *Rent-A-Center, Inc. v. Jackson*, 130 S. Ct. 2772, 2783 (2010). Likewise, objections that the agreement contains unenforceable remedial restrictions that are not severable from the remainder of the agreement go to the agreement's validity. *Terminix International Co. v. Palmer Ranch Limited Partnership*, 432 F.3d 1327, 1331 (11th Cir. 2005). The threshold question is whether the Court or the arbitrator should resolve the plaintiff's objections to validity.

"Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT&T Technologies, Inc. v. Communication Workers of America*, 475 U.S. 643, 649 (1986). This rule extends to the determination of whether the parties agreed to arbitrate the question of arbitrability. *Id*.; *accord First Options, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

One way to show a clear and unmistakable intent to arbitrate arbitrability is by agreeing that the arbitration will be conducted in accordance with formalized arbitration rules, which rules provide for arbitration of arbitrability. In *Terminix*, the arbitration agreement provided that "arbitration shall be conducted in accordance with the Commercial Arbitration Rules then in force of the American Arbitration Association (AAA)." 432 F.3d at 1332. Those rules were not quoted in the agreement, but the Eleventh Circuit quoted them as they appear online, viz.: "[T]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the

existence, scope or validity of the arbitration agreement." *Id*. The *Terminix* Court held that, "[b]y incorporating the AAA Rules, including Rule 8, into their agreement, the parties clearly and unmistakably agreed that the arbitrator should decide whether the arbitration clause is valid." *Id*. While the validity of an arbitration agreement "is by default an issue for the court, not the arbitrator," the parties may "contrac[t] around that default rule," and by incorporating the AAA rules, the parties did so. *Id*. at 1333.[3]

The Agreement provides that "[t]he arbitration will be conducted and administered by the American Arbitration Association ("AAA") under its National Rules for the Resolution of Employment Disputes – Arbitration and Mediation, effective June 1, 1996, as may be amended." (Doc. 11, Exhibit A, ¶ 1.e). "These Rules [are] incorporated by reference into this Procedure …." (*Id*.). Those rules provide, in language identical to that considered in *Terminix*, that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." www.adr.org/aaa.[4] Under *Terminix*, the parties thus clearly and unmistakably agreed that an arbitrator rather than a court would decide any challenges to the Agreement's validity. Under *First Options* and other precedents, that agreement is to be honored.

The plaintiff argues that her challenges to the attorney's fee and notice-and-waiver provisions of the Agreement nevertheless must be resolved by the Court. These provisions, she says, amount to waivers of statutory rights under the FLSA, and both the statute and decisions applying it preclude such waivers. "An arbitrator cannot decide the validity of a waiver of rights under the FLSA, because the submission of that question to

---

[3] Other Circuits follow the same rule. *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012); *Fallo v. High-Tech Institute*, 559 F.3d 874, 878 (8th Cir. 2009); *Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366, 1372-73 (Fed. Cir. 2006); *Contec Corp. v. Remote Solution Co.*, 398 F.3d 205, 208-09 (2nd Cir. 2005).

[4] As the Eleventh Circuit relied on the AAA's website to demonstrate the content of the relevant rule, the Court does so as well.

4

an arbitrator would carry with it an implicit presumption that the arbitrator has the power to approve such waivers." (Doc. 17 at 14-15). This statement is unexplained, but it must be rejected whatever its import. If it is intended to suggest an arbitrator has no "power" to make a mistake, the plaintiff is obviously wrong, since no tribunal is either perfect or a guarantor of perfection. If it is intended to suggest that the mere act of submitting the issue to an arbitrator carries with it an unspoken blessing to rule by whim rather than by law, the Court expressly disavows any such sanction, and the plaintiff provides no grounds for believing the arbitrator would nevertheless proceed on such an unprincipled basis.

The plaintiff's argument, if accepted, would apply as forcefully to the courts as to arbitrators, for if submission of an issue to an arbitrator suggests the arbitrator's power to approve an illegal waiver of FLSA rights, then submission of the same issue to a court would suggest an equal power, and courts would be as disqualified as arbitrators from ruling on such issues. Moreover, were the plaintiff's argument accepted, its reasoning could not be limited to the validity of FLSA waivers. No issue of validity could ever be submitted to an arbitrator, because the very act of submission would be deemed to encourage innocently or purposefully erroneous decisions. Finally, the plaintiff neither offers authority in support of her position nor explains how *First Options* and other controlling precedents could be read to accommodate it. For all these reasons, the Court rejects the plaintiff's unsupported proposal.

The plaintiff's only other argument against arbitral resolution of her challenges to validity is that the Agreement "does not contain a clause empowering the arbitrator to determine the validity of the provisions in the agreement." (Doc. 17 at 15). As discussed above, under *Terminix* (which the plaintiff does not address) the Agreement does in fact contain such a provision, by virtue of its incorporation of the AAA rules.[5]

---

[5] In addition to their *Terminix* argument, the defendants argue that the Agreement leaves to the arbitrator challenges to validity because it "[c]overs any dispute concerning the arbitrability of any such controversy or claim." (Doc. 11, Exhibit A, ¶ 1.a.i). The plaintiff (Continued)

## II. Conditions Precedent.

The Agreement provides that, "[a]s a prerequisite for submitting an employment dispute to mediation and, if necessary arbitration, both you and the Company agree to make good faith efforts at resolving any dispute internally on an informal basis …. Only when those internal efforts fail, may an employment dispute be submitted to mediation and (if necessary) final and binding arbitration …." (Doc. 11, Exhibit A, ¶ c). "If efforts at informal resolution fail, disputes arising under this Agreement must first be submitted for non-binding mediation before a neutral third party." (*Id.*, ¶ d). "If a covered dispute remains unresolved at the conclusion of the mediation process, either party may submit the dispute for resolution by final binding arbitration …." (*Id.*, ¶ e). The plaintiff argues that the Agreement makes informal negotiation and non-binding mediation conditions precedent to arbitration, and she denies that these conditions have been fulfilled. (*Id.* at 20-21).

Again, the threshold question is whether the Court or the arbitrator is to resolve the objection. In *Kemiron Atlantic, Inc. v. Aguakem International, Inc.*, 290 F.3d 1287 (11th Cir. 2002), the parties agreed that disputes would be resolved by mediation or, should mediation fail, by arbitration, each alternate dispute resolution mechanism to be preceded by notice. *Id.* at 1289. The trial court denied the defendant's motion to stay pending arbitration, on the grounds the parties had not given notice to mediate, had not mediated, and had not given notice to arbitrate. *Id.* at 1290. The Eleventh Circuit affirmed on the same grounds. *Id.* at 1291. The plaintiff relies on *Kemiron* for the proposition that her objection is for judicial resolution. (Doc. 17 at 20).

---

argues that this clause addresses only whether a particular claim falls within the Agreement. (Doc. 17 at 15 n.7). The defendants contend it extends to questions of the Agreement's validity. (Doc. 20 at 3). Because the incorporation of the AAA rules suffices to direct issues of validity to the arbitrator, the Court pretermits discussion of the "arbitrability" clause.

Unlike questions concerning the validity of an arbitration agreement, "procedural questions which grow out of the dispute and bear on its final disposition are presumptively *not* for the judge, but for an arbitrator, to decide." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (emphasis in original; internal quotes omitted). Thus, "an arbitrator should decide whether the first two steps of a grievance procedure were completed, where these steps are prerequisites to arbitration." *Id*. (explaining *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964)). More generally, absent an agreement to the contrary, "an arbitrator shall decide whether a condition precedent to arbitrability has been fulfilled." *Id*. at 85 (internal quotes omitted); *accord Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1107 (11th Cir. 2004).[6]

*Kemiron* is not inconsistent with *Howsam* and *John Wiley*, because there is no indication either party argued that an arbitrator should decide the issue, leaving the trial and appellate courts free to rule on the issue themselves. But even if *Kemiron* supported the proposition for which the plaintiff contends, it could not carry the field against controlling Supreme Court precedent.

**III. Costs.**

The plaintiff purports to reserve the right to argue in a judicial forum that excessive costs of arbitration render the Agreement unconscionable under Alabama law. (Doc. 17 at 16-17).[7] As discussed in Part I, the Agreement assigns to the arbitrator the task of resolving challenges based on unconscionability.

---

[6] When mediation must be attempted prior to arbitration, mediation is a condition precedent to arbitration. *Kemiron*, 290 F.3d at 1291. The plaintiff expressly recognizes informal efforts and mediation as conditions precedent to arbitration. (Doc. 17 at 20).

[7] The viability of this argument, she says, depends on whether the AAA or the arbitrator ultimately construes the Agreement as an individually-negotiated employment agreement (with higher costs assessed the employee) or as an employer-promulgated plan (with lesser costs assessed the employee). (Doc. 17 at 16). Since the defendants have presented the Court with two trial court decisions involving one or more of the entity defendants herein, and since they (Continued)

**IV. Non-Signatories.**

The Agreement is signed by the plaintiff and "The Company." (Doc. 11, Exhibit A at 4). "The Company" is defined as Alabama Title. (*Id*., ¶ 1). Neither McLeod nor Ward is a signatory.[8] The plaintiff argues that they thus may not enforce the Agreement. (Doc. 17 at 3-5). The defendants again argue that the issue is for the arbitrator. (Doc. 20 at 1).

A question as to "whether the arbitration contract bound parties who did not sign the agreement" is one that "raises a 'question of arbitrability' for a court to decide." *Howsam*, 537 U.S. at 84. But, as discussed in Part I, that presumptive division of labor can be altered by agreement. As also discussed in Part I, the parties agreed to have an arbitrator determine issues concerning the "existence, scope or validity" of the Agreement. The "question of who is bound by" an arbitration agreement, including "nonparties," is a question "regarding the scope" of the agreement. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630-31 (2009). Thus, this issue as well must be resolved by the arbitrator.

**V. Dismissal.**

The defendants move for dismissal of this action in favor of arbitration. While requesting such relief, they do not explain why they should receive it.

"If any suit or proceeding be brought ... upon any issue referable to arbitration ..., the court in which such suit is pending, upon being satisfied that the issue involved in

---

have represented to the Court that the plaintiffs in those cases "signed the same, identical Arbitration Agreement" as did the plaintiff herein, (Doc. 12 at 10; Doc. 20 at 2), it would appear extremely unlikely that the Agreement could be found to be an individually negotiated agreement.

[8] Ward did sign the Agreement, but only on behalf of "The Company." (Doc. 11, Exhibit A at 4).

such suit or proceeding is referable to arbitration ..., *shall on application of one of the parties stay the trial of the action* until such arbitration has been had ...."  9 U.S.C. § 3 (emphasis added).  As this Court has observed, "[w]here a plaintiff initiates litigation without satisfying arbitration requirements, courts routinely stay rather than dismiss the proceedings to allow for implementation of the agreed-upon dispute resolution mechanism."  *Campbell v. Pilot Catastrophe Services, Inc.*, 2010 WL 3306935 at *7 (S.D. Ala. 2010).  Given the pendency of the multiple threshold challenges the arbitrator must resolve favorably to the defendants before even reaching the merits of the dispute, and the corresponding possibility the plaintiff ultimately will be permitted to pursue litigation, a stay appears especially preferable to dismissal.  That a dismissal would implicate statute of limitations considerations underscores the preference for a stay.[9]  As the defendants offer no justification for dismissal, such relief will be denied them.

## CONCLUSION

For the reasons set forth above, the defendants' motion to compel arbitration is **granted** and their motion to dismiss is **denied**.  This action is **stayed** pending resolution of the arbitration proceedings.  The defendants are **ordered** to file and serve, on or before **December 10, 2012** and on or before the tenth day of every second month thereafter, a report detailing the status of the arbitration proceedings.  The defendants are furthered **ordered** to file and serve, within 14 days of the conclusion of arbitration proceedings, notification of same.

DONE and ORDERED this 20th day of November, 2012.

s/WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[9] *See generally N-Tron Corp. v. Rockwell Automation, Inc.*, 2010 WL 653760 at *8 (S.D. Ala. 2010) (considering the effect of the statute of limitations in staying rather than dismissing claims subject to a mediation requirement).